## Commonwealth v. McCauley

*Frank Kelker,* for Commonwealth.

*George Heiney,* for defendant.

KLEIN, J., June 4, 1973.—We have before us defendant's application for pretrial relief which is an application to quash the indictment.

The facts are somewhat bizarre and demonstrate how conscientious public officials seeking to do what is right, including correcting their own mistakes, may effect manifest injustice and force an ordinary citizen through an oppressive ordeal.

On April 27, 1972, a State police officer filed a criminal complaint against defendant charging him with an April 13, 1972, violation of section 301 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §301, possession or operation of a vehicle with defaced number.

The district magistrate erroneously treated the charge as a summary offense. (It is graded a misdemeanor under The Vehicle Code.) By summons, the magistrate advised defendant that he could appear and defend or pay a fine of $200 and costs. Defendant elected to pay the required $205 and the same was receipted for by the magistrate on *May 10, 1972.* (The act provides for a fine of $200, or a sentence of not more than three years or both fine and imprisonment.)

On February 6, 1973, the magistrate, having discovered the error, advised defendant that a preliminary hearing must be held. A preliminary arraignment was held on March 1, 1973, and the hearing was concluded on March 14, 1973. Defendant was bound over to the next grand jury and was subsequently indicted on May 8, 1973. The indictment erroneously charged the offense as occurring on April 13, *1973.*

Throughout all of the foregoing, defendant was not represented by counsel. On May 11, 1973, this court, having determined defendant to be indigent, appointed counsel to represent him.

Within seven days, on May 18, 1973, said counsel filed the instant application, for which diligence counsel is to be commended. A hearing to consider the application was scheduled for June 1, 1973, but no testimony was required since all relevant facts are of record.

Defendant argues that this proceeding violates the fifth amendment "double jeopardy" clause and the sixth amendment right to a "speedy trial."

We believe that defendant may be right as to both points, and although we need not reach those questions, are constrained to cite the Supreme Court of Pennsylvania in the cases of Commonwealth v. Campana, et al., 452 Pa. 233 (1973). There, the court, quoting from the opinion of Mr. Justice Black in the case of Green v. United States, 355 U.S. 184, 78 S. Ct. 221 (1957), held:

" '[T]he State with all its resources and power should not be allowed to make *repeated* attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity. . . .' " (Italics supplied by Supreme Court of Pennsylvania.)

Be that as it may, we must order the indictment quashed for failure to comply with the Rules of Criminal Procedure. The rules, in this case, would have required that a warrant for arrest be issued, Pa. R. Crim. P. 108; that defendant be arrested and taken before the issuing authority and given preliminary arraignment without unnecessary delay, Rule 116; have a hearing date fixed for not less than 3 nor more than 10 days after arraignment, Rule 119f.

Pennsylvania Rule of Criminal Procedure 115 provides as follows:

"If at any time prior to disposition of a case by an issuing authority it appears that a warrant, summons, complaint or citation contains a substantive defect, the defendant shall be discharged, but nothing in this rule shall prevent the filing of a new complaint, and the issuance of process charging another offense in a proper manner."

For all these reasons, we make the following

### ORDER

And now, June 4, 1973, it is ordered that defendant's application to quash the indictment be and it is hereby granted;

And, it is further ordered that due to the unusual circumstances in this case, that defendant be forever discharged as to any alleged violation of The Vehicle Code resulting from the episode of April 13, 1972.